IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN L. MORROW, MA/LPCC, PC,

        Plaintiff,

v.                                                 No. CV 15-00026 WJ/KBM

STATE OF NEW MEXICO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

THIS MATTER comes before the Court upon the Motion to Remand (**Doc. 5**) filed on February 5, 2015, by Plaintiff Ann L. Morrow, MA/LPCC, PC ("Morrow"). Having reviewed the parties' briefs and applicable law, the Court finds that Morrow's motion is not well taken and, therefore, is **DENIED**.

### BACKGROUND

The following allegations taken from the complaint are accepted as true for present purposes. Morrow is a corporation providing behavioral healthcare services to Medicaid beneficiaries in New Mexico via contracts with Defendant New Mexico Human Services Department ("HSD"). In February 2012, based on its determination that "credible allegations of fraud" had been raised against Morrow, HSD and its employees decided to suspend Medicaid payments to Morrow and referred it to the Attorney General's Medicaid Fraud Control Unit. HSD sent a letter to Morrow noting that the suspension was temporary and providing that Morrow could request an "administrative records review" to see whether good cause existed to

end the payment suspension in whole or in part. Morrow timely requested administrative review of the suspension of payments, but HSD denied this request on or about March 20, 2012. According to Morrow, its Medicaid payments have remained suspended ever since.

The crux of Morrow's present concerns appears to be threefold. First, Morrow believes that HSD did not properly determine that credible allegations of fraud existed against it. Second, Morrow disputes that a suspension of Medicaid payments lasting over twenty-six months could be considered "temporary" under the governing federal and state regulations. Third, and relatedly, Morrow insists that it was entitled to a provider hearing pursuant to Medicaid regulations when HSD suspended its Medicaid payments "for an indefinite period" based on purported allegations of fraud.

In the operative complaint filed in state court in December 2014, Morrow seeks declaratory judgment against HSD concerning these disputed matters and alleges breach of contract. Morrow also contends that its due process rights under the Fourteenth Amendment were violated when HSD caused its payment suspension to last for an indefinite period and withheld payments without properly determining whether credible allegations of fraud existed.

After Defendants State of New Mexico and HSD[1] removed the action to this Court, Morrow filed the instant motion. Although captioned as a motion to remand, Morrow's filing seeks three outcomes: (1) abstention and remand of the full case pursuant to *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941); (2) certification of underlying state-law questions to the New Mexico Supreme Court; and/or (3) refusal of supplemental jurisdiction over state-law claims and remand of these claims to state court. Defendants oppose each of these options.

---

[1] As these are the only Defendants challenging the instant motion, the use of the term "Defendants" in this document refers solely to the State of New Mexico and HSD unless otherwise specified.

### DISCUSSION

**I.     *Pullman* Abstention and Certification**

In their removal notice, Defendants point to Count II, alleging Fourteenth Amendment violations under 42 U.S.C. § 1983, as justification for removal of the case pursuant to 28 U.S.C. §§ 1331 and 1441. *See* (**Doc. 1**), Notice of Removal, at 2. However, Morrow asserts that resolution of its § 1983 claim "hinges upon the interpretation of HSD's payment withhold regulations," and therefore the Court should either remand this action to state court or certify questions regarding interpretation of those regulations to the state supreme court.

A.  Legal Standards

Where "federal constitutional issues at stake could be mooted or presented in a different posture by a determination of state law," federal abstention pursuant to *Pullman* is appropriate if

> (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law . . . would hinder important state law policies

*Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1118-19 (10th Cir. 2008) (quotation omitted). However, this principle "contemplates that deference to state court adjudication only be made where the issue of state law is uncertain," *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 306 (1979), and where the state-law issue is dispositive to the federal claim, *see Va. Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, ---, 131 S. Ct. 1632, 1644 (2011) (Kennedy, J., concurring). Accordingly, *Pullman* abstention "is used only in exceptional circumstances." *Stout*, 519 F.3d at 1119 (quoting *S & S Pawn Shop, Inc. v. City of Del City*, 947 F.2d 432, 442 (10th Cir. 1991)).

Relatedly, where a question of state law is both "unsettled and dispositive," a federal court "faced with a novel state-law question [may] put the question directly to the State's highest

3

court." *Id.* at 1119 (citations omitted). "[T]he touchstone of [the] certification inquiry is whether the state statute is readily susceptible of an interpretation that 'would avoid or substantially modify the federal constitutional challenge to the statute.'" *Id.* at 1119-20 (quoting *Bellotti v. Baird*, 428 U.S. 132, 148 (1976)). Given the choice between *Pullman* abstention and certification, "the Supreme Court has expressed a preference for certifying questions to a state's supreme court." *Id.* at 1119.

   B.  Regulatory Framework

Morrow alleges that two purported state-law issues could affect the resolution of its § 1983 claim. The Court first examines the relationship between the relevant state and federal regulations before resolving this question.

The federal regulation, 42 C.F.R. § 455.23, sets forth the procedure for suspending Medicaid payments to healthcare providers in cases of fraud. The regulation generally requires that state Medicaid agencies "must suspend all Medicaid payments to a provider after the agency determines there is a credible allegation of fraud for which an investigation is pending under the Medicaid program."[2] 42 C.F.R. § 455.23(a)(1). However, such a suspension must be temporary in nature. *Id.* § 455.23(c). Under certain conditions, a state may also reach a finding that good cause exists not to suspend payments, or to suspend payment only in part. *Id.* § 455.23(e), (f). Further, "[a] provider may request, and must be granted, administrative review where State law so requires." *Id.* § 455.23(a)(3). The term "administrative review" is not expressly defined in the federal regulations.

One New Mexico regulation requires that HSD hold provider administrative hearings in most cases where a provider disagrees with an HSD decision concerning payments. *See* N.M.

---

[2] The definition of the term "credible allegation of fraud" is provided elsewhere in the regulations and is not relevant to the question before the Court at this time.

CODE R. § 8.352.3.9. Specifically, that regulation states that HSD must establish hearings for providers who disagree with its decisions, "[w]ith the exception of referrals for credible allegations of fraud." *See id.* Another regulation says that a provider can request, and must be granted, a hearing when "the provider disagrees with a decision . . . with respect to recovery of overpayments due to provider billing error including incorrect billing, . . . or imposition of a sanction or other remedy, with the exception of a temporary payment suspension for credible allegations of fraud." *See id.* § 8.352.3.10(C)(1)(c).

    C. "Temporary" Payment Suspensions

In its motion, Morrow claims that any determination of whether its months-long payment suspension can be considered temporary must be made with reference to state regulations. According to N.M. CODE R. § 8.352.3.3, the authority for state regulations covering provider hearings is based in federal regulations and state statute. However, the question of whether a suspension is "temporary" would appear to be made solely by reference to § 455.23(c). *Cf. Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W. 97, 103 (Tex. Ct. App. 2014) (referring only to federal language on "temporary" suspensions where state regulation required that the suspension be imposed in accordance with § 455.23). Morrow points to no New Mexico statutory or regulatory authorities defining the term "temporary" in this context; although the term appears briefly in one state regulation, that provision simply uses the term to discuss the sorts of payment suspensions imposed for "credible allegations of fraud" pursuant to § 455.23. *See* N.M. CODE R. § 8.352.3.10(C)(1)(c); *cf. Janek*, 451 S.W. at 103.

    Morrow concedes in its reply brief that at least two New Mexico state court trial judges have resolved this question with reference to only this federal regulation. *See Easter Seals El Mirador v. Human Servs. Div.*, No. D-101-CV-2014-01784, slip op. at 1 (N.M. 1st Judicial Dist.

Ct. Mar. 3, 2015); *N.M. Psychiatric Servs. Corp. v. Human Servs. Div.*, No. D-101-CV-2012-02787, slip op at 1-2 (N.M. 1st Judicial Dist. Ct. Nov. 25, 2013).[3] Moreover, Morrow has not cited, and the Court is not aware of, any authority from other jurisdictions that defines the term "temporary" in this context with reference to anything other than § 455.23(c). *Cf., e.g.*, *ABA, Inc. v. District of Columbia*, 40 F. Supp. 3d 153, 170 (D.D.C. 2014) (considering only § 455.23(c) in determining whether a suspension was temporary); *Mehran Zamani, DDS, P.C. v. Bremby*, 54 Conn. L. Rptr. 83, at *6 (Conn. Super. Ct. 2012) (unpublished) (same). For this reason, Morrow has failed to show that the question of whether its payment suspension is temporary constitutes an uncertain issue of *state* law, and thus the Court will neither abstain from deciding this question nor certify the question to the New Mexico Supreme Court.

 D.  Hearings for Payment Suspensions Under § 455.23

Morrow also asserts that a question of state law exists as to whether the term "administrative review" in 42 C.F.R. § 455.23(a)(3) could encompass provider hearings as set forth in N.M. CODE R. § 8.352.3.9. The federal regulation covering credible allegations of fraud only requires "administrative review *where State law so requires*." 42 C.F.R. § 455.23(a)(3) (emphasis added). The state regulations here exempt HSD from creating a provider hearing process for referrals for credible allegations of fraud, *see* N.M. CODE R. § 8.352.3.9, and prohibit providers from requesting a hearing when they disagree with a decision concerning "a temporary payment suspension for credible allegations of fraud," *id.* § 8.352.3.10(C)(1)(c). Morrow has not pointed to any other state regulations or decisions that would require a provider hearing for temporary payment suspensions pursuant to § 455.23. *See Border Area Mental Health Servs, Inc. v. Squier*, No. 13-cv-613 MCA/WPL, slip op. at 5 (D.N.M. July 25, 2013) (recognizing in dictum

---

[3] The Court emphasizes that these state-court holdings are not decisions of the New Mexico Supreme Court or the New Mexico Court of Appeals, and as such they are not cited as binding authority.

that no administrative review of temporary payment suspensions under § 455.23 is available after the "good cause" provisions of §§ 455.23(e) and (f) have been exhausted). Thus, to the extent that Morrow contends that §§ 8.352.3.9 and 8.352.3.10(C)(1)(c) require a provider hearing for *temporary* payment suspensions pursuant to § 455.23, the plain language of the state regulations forecloses that position.

To the extent that Morrow is arguing that state law is unclear as to whether a provider hearing can be requested—and is therefore required—under § 8.352.3.10(C)(1)(c) when payment is suspended for a *non-temporary* period of time due to credible allegations of fraud, the Court declines to reach this issue. The cornerstone of Morrow's § 1983 claim is that its payment suspension was not temporary, a question that the Court has noted is resolved by reference to § 455.23(c). Only if Morrow's suspension is found to have *not* been temporary will a determination need to be made as to whether a provider hearing is required under 42 C.F.R. § 455.23(a)(3) and N.M. CODE R. § 8.352.3.10(C)(1)(c) in such cases. On the other hand, if Morrow's payment suspension is found to be temporary, the issue of provider hearings for indefinite suspensions is moot for the reasons stated above. Because the question of the temporary or indefinite nature of Morrow's payment suspension is not presently before the Court,[4] neither abstention nor certification is proper at this time. *See, e.g.*, *Stewart*, 563 U.S. at ---, 131 S. Ct. at 1644 (Kennedy, J., concurring) (recognizing that *Pullman* abstention is appropriate only when a state-law issue is dispositive of a federal claim); *Stout*, 519 F.3d at 1119 (noting that courts may only certify questions of state law that are both "unsettled and dispositive" (quotation omitted)).

---

[4] The Motion to Dismiss filed by Defendant Sandra Chavez, **(Doc. 18)**, has not been fully briefed and primarily raises an argument of qualified immunity, *see* **(Doc. 19)**, Memorandum.

## II. Supplemental Jurisdiction

Defendants presumably removed the remaining state-law claims pursuant to 28 U.S.C. § 1367(a).[5] However, the Court may decline to exercise supplemental jurisdiction over a state-law claim if "(1) the claim raises a novel or complex issue of State law, [or] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). Morrow encourages the Court to refuse jurisdiction over its state-law claims on these bases.

Morrow first argues that the Court should decline to exercise jurisdiction over Count I, brought pursuant to the New Mexico Declaratory Judgment Act, N.M.S.A. 1978, § 44-6-1, *et seq*. This claim essentially seeks a declaratory judgment that Morrow is entitled to a provider hearing pursuant to 42 C.F.R. § 455.23 and N.M. CODE R. § 8.352.3.9.

The Court concludes that at this time, a novel or complex issue of state law is not yet before it. As with Morrow's § 1983 claim, for the Court to reach the question of whether a provider hearing is required for non-temporary payment suspensions, the Court must first find that the payment suspension here is not temporary, an issue governed by 42 C.F.R. § 455.23(c). Otherwise, as noted earlier, the issue is moot. Because the novelty and complexity of the remaining state-law issues relevant to this claim, to say nothing of the merits of the claim, are not yet before the Court, it would be inappropriate to decline to exercise jurisdiction on this basis.

---

[5] As discussed in Federal Rule of Civil Procedure 8(a)(1), Defendants' Notice of Removal must state "a short and plain statement of the grounds for the court's jurisdiction" over any claim for relief. Although Defendants' Notice states that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, that statute only provides jurisdiction over the federal claim raised in Count II; Defendants failed to expressly allege a basis for the Court's exercise of jurisdiction over the remaining state-law claims. Although Defendants' removal notice is therefore arguably defective, it is not fatally so; it is obvious that Defendants mean to assert jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a), and any defect could be cured through amendment of the notice of removal. *See Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1269-70 (D. Or. 2001) (citing *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1529 (E.D. La. 1995)). Because the basis for exercising jurisdiction over the state-law claims is obvious from the face of the pleadings, and because no party has alleged that Defendants' Notice of Removal is irredeemably defective, the Court will take no action at this time. However, the Court encourages Defendants to amend their Notice of Removal accordingly, and if Morrow challenges that document under Rule 8(a)(1), the Court will direct Defendants to do so.

For similar reasons, it cannot be said that the declaratory claim in Count I substantially predominates over the § 1983 claim in Count II. If anything, these claims run parallel to each other and are not "predominantly distinct in scope." *See Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310-11 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld Cnty. Bd. of Comm'rs*, 365 F.3d 855 (10th Cir. 2004).

Morrow also questions whether this Court can exercise jurisdiction at all over its New Mexico Declaratory Judgment Act claim, positing that N.M.S.A. 1978, § 44-6-2 limits jurisdiction over such claims to state district courts. Morrow does not dispute that the Court has jurisdiction over his § 1983 claim, and it concedes in its motion that its state-law claims are so related to Count II that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). As such, Morrow's argument has no merit and the Court will not decline to exercise jurisdiction over Count I.

Finally, Count III alleges that Defendants violated their participation agreement with Morrow by suspending Morrow's payments indefinitely and failing to first afford it a provider hearing. Though Morrow asserts that this state-law claim is sufficiently novel or complex, and that it substantially predominates over Count II, so as to warrant a decline of supplemental jurisdiction, Morrow does not develop these arguments any further. "The [C]ourt will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004). If it were to do so, however, the Court would deny Morrow's request for substantially the same reasons discussed with respect to Count I.

## CONCLUSION

For the foregoing reasons, Morrow's Motion to Remand, **(Doc. 5)**, is DENIED.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE