IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN L. MORROW, MA/LPCC, PC,

      Plaintiff,

v.                                                                            CV 15-26 WJ/WPL

THE STATE OF NEW MEXICO,
HUMAN SERVICES DEPARTMENT OF
THE STATE OF NEW MEXICO, SANDRA
CHAVEZ, QUALITY ASSURANCE BUREAU
CHIEF FOR THE MEDICAL ASSISTANCE
DIVISION OF THE HUMAN SERVICES DEPARTMENT,
and JOHN DOES 1-10, in their individual capacities,

      Defendants.

**ORDER STAYING DISCOVERY**

Ann Morrow, MA/LPCC, PC ("Morrow"), brought multiple claims against the Defendants for withholding Medicaid payments from Morrow based on an allegation of fraud. (Doc. 1 Ex. A.) The complaint includes a claim against Defendant Sandra Chavez, pursuant to 42 U.S.C. § 1983, for violating Morrow's due process rights under the Fourteenth Amendment. (*Id.*) The claims all arise out of a decision to suspend Medicaid payments to Morrow on or about February 20, 2012. (*Id.*) Chavez has filed a motion to dismiss for failure to state a claim on the basis of qualified immunity. (Doc. 18.) The Defendants now request that I stay discovery pending a ruling on Chavez's motion. (Doc. 31.) Morrow responded (Doc. 33), and the Defendants filed a reply (Doc. 35).

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery."

*Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). The Court later clarified that the defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation and citations omitted). Unlike a motion for summary judgment, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009).

Whether an official is entitled to qualified immunity turns on whether her conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818.

Morrow responds that *Iqbal* does not entitle all of the Defendants to a stay of discovery during the pendency of Chavez's motion to dismiss on the basis of qualified immunity. (Doc. 33 at 2.) Morrow quotes at length from *S.D. v. St. Johns Cnty. Sch. Dist.*, No. 3:09-CV-250-J-20TEM, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009) (unpublished), as support for this proposition. Further, Morrow suggests that I reject Judge Browning's opinion in *Herrera v.*

2

*Santa Fe Pub. Sch.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393 (D.N.M. Dec. 20, 2012) (unpublished), because it is a "non-binding decision . . . [and] never cites to or discusses *Iqbal*." (Doc. 33 at 2 n.1.) Finally, Morrow contends that Chavez is no longer employed by the State of New Mexico, is therefore no longer a "public official," and the policy considerations underlying *Iqbal* do not apply.

As the Defendants appropriately point out, Judge Browning addressed and rejected the Florida case upon which Morrow relies. *Herrera*, 2012 WL 6846393, at *2, *10. Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman*, 958 F.2d at 336; *Herrera*, 2012 WL 6846393, at *10. None of the cases suggest that an official's change of employment after the actions giving rise to the suit will divest her of the protections of qualified immunity. Morrow points to no authority from this Circuit that support such a construction of the settled practice of staying discovery when the defense of qualified immunity has been raised.

Therefore, Defendants' motion to stay (Doc. 31) is granted. Discovery is stayed as to all Defendants while the Court resolves Chavez's motion to dismiss on the basis of qualified immunity.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket