IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN L. MORROW, MA/LPCC, PC,

        Plaintiff,

v.                                                                                              No. CV 15-00026 WJ/WPL

STATE OF NEW MEXICO, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE

THIS MATTER comes before the Court upon Defendant Sandra Chavez's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, **(Doc. 18)**, filed on April 20, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Morrow's motion is well taken and, therefore, is **GRANTED**.

The Court has previously entered a Memorandum Opinion and Order with respect to the Motion to Remand filed by Plaintiff Ann L. Morrow, MA/LPCC, PC ("Morrow"), *see* **(Doc. 20)**, and as such the Court assumes some familiarity with Morrow's factual allegations. Defendant Chavez was the Quality Assurance Bureau Chief in the Medical Assistance Division of Defendant New Mexico Human Services Department ("HSD") at the time that HSD suspended Medicaid payments to Morrow and referred the matter in question to the Attorney General's Medicaid Fraud Control Unit.[1]

---

[1] Although Morrow fails to identify Defendant Chavez's position in its complaint, Defendants concede this much in the relevant pleadings. *See* **(Doc. 19)**, Memorandum; **(Doc. 23)**, Amended Notice of Removal.

In its complaint, Morrow brought a single federal claim for violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983,[2] against Defendants Chavez and "John Does 1-10." Specifically, Morrow states in Count II that it has a Fourteenth Amendment property interest in payments withheld by HSD; that the payment suspension is not "temporary" within the meaning of 42 C.F.R. § 455.23(c); that Defendants Chavez and Does 1-10 acted under color of state law in depriving it of its payments; and that the withholding of payments therefore constitutes a violation of Morrow's due process rights under the Fourteenth Amendment. Morrow also brings two state-law claims, seeking declaratory relief pursuant to the New Mexico Declaratory Judgment Act and alleging a breach of contract by the State of New Mexico and HSD.

Defendant Chavez filed the instant motion seeking dismissal of Count II under a theory of qualified immunity. The gist of Defendant Chavez's argument is that she did not violate any of Morrow's rights and, at any rate, that any such violated rights were not clearly established at the time of the alleged violation. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

In its response brief, Morrow argues at length that 42 C.F.R. §§ 455.12-.23 create federal rights enforceable under § 1983, that these rights were clearly established, and that Defendant Chavez violated these rights. However, in a footnote, "Plaintiff does concede that the alleged Fourteenth Amendment right was not clearly established at the time of the alleged violation." *See* **(Doc. 29)**, Response, at 1-2 n.2. Morrow nonetheless insists that the complaint "read as a whole" puts Defendants on notice that it is seeking redress under *some* theory pursuant to § 1983 for the conduct it alleges and that Count II should therefore survive a qualified-immunity defense. *See id.*

---

[2] "[Section] 1983 creates a cause of action against individuals who violate federal law while acting 'under color of state law.'" *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) (quotation omitted).

The Court rejects Morrow's position. Count II plainly attempts to state a single § 1983 claim that Defendants Chavez and Does 1-10 violated the Fourteenth Amendment's Due Process Clause. *See* (**Doc. 1 Ex. A**), Complaint, at 6 ("Defendants Chavez and Does 1-10 . . . have violated MORROW's Fourteenth Amendment due process rights . . . ."). At no point does Morrow state a *statutory* or *regulatory* claim pursuant to § 1983. Morrow may insist that the relevant regulations create federally enforceable rights that were both clearly established and violated, but in doing so, it is addressing a claim that it has failed to bring. By contrast, in conceding that any Fourteenth Amendment rights at issue were not clearly established at the relevant time, Morrow has impliedly conceded that Defendant Chavez is entitled to qualified immunity with respect to the § 1983 claim it actually brought in Count II. Accordingly, the Court dismisses Count II as to Defendant Chavez on the basis of qualified immunity.

Notably, the Court has jurisdiction over Count II pursuant to 28 U.S.C. § 1331; the Court only has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a). *See* (**Doc. 23**), Amended Notice of Removal. Since Count II is the sole claim over which the Court has original jurisdiction, and since the Court is now dismissing Count II as to the only named Defendant, the Court would normally be inclined to consider remanding the remaining claims to state court pursuant to 28 U.S.C. § 1367(c)(3). However, Morrow has already stated that if the Court dismisses its § 1983 Fourteenth Amendment claim, it will seek leave to amend its complaint so as to refashion its § 1983 claim as one alleging statutory and/or regulatory violations. *See* (**Doc. 29**), Response, at 1-2 n.2. As such, Morrow shall file its motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) within two weeks of the entry of this Memorandum Opinion and Order.

For the foregoing reasons,

IT IS THEREFORE ORDERED that Defendant Chavez's Motion to Dismiss, **(Doc. 18)**, is GRANTED, and Morrow's Fourteenth Amendment claim pursuant to § 1983 (Count II) is hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Morrow will file the promised motion for leave to amend the complaint no later than **two weeks** after the entry of this Memorandum Opinion and Order. The timing for responsive briefing shall follow the schedule set forth under the relevant Federal and Local Rules. *See, e.g.*, D.N.M.LR-Civ. 7.4(a).

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE